## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIO CHRISTIAN,  :  | |
|     Petitioner,  : | |
| : | |
| v.  : | CIVIL ACTION NO.  15-CV-1477 |
| : | |
| COMMONWEALTH OF PA, *et al.*,  : | |
|     Respondents.  : | |

### MEMORANDUM

**SCHMEHL, J. /s/ JLS**　　　　　　　　　　　　　　　　　　　　　　　　　**July 1, 2020**

    *Pro se* Petitioner Julio Christian, a prisoner in state custody serving a term of imprisonment of twelve to forty-six years after his conviction on various drug charges, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 11.)  Christian seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.**　　**BACKGROUND**

    As background, Christian has filed at least five habeas petitions in this Court concerning different state court judgments; none of his petitions has been successful.  Additionally, on four occasions, he unsuccessfully sought permission from the Court of Appeals for the Third Circuit to file a second or successive habeas petition.  The procedural history of these cases is outlined below to place the instant Motion in context.

In Civil Action Number 02-8403, Christian sought habeas relief from a 1987 state conviction for multiple drug offenses for which he was given a twelve to forty-six-year term of incarceration.[1] He later voluntarily withdrew the petition.

In Civil Action Number 05-3448, Christian challenged newly filed state court charges, including armed robbery and kidnapping. *See Commonwealth v. Christian*, MC-51-CR-0240891-2005 (Phila. Mun. Ct.). Magistrate Judge Caracappa recommended that the petition be deemed premature and unexhausted since Christian had not yet been tried on the charges (*id.*, ECF No. 24). After Christian filed objections, the Report and Recommendation was approved and adopted on January 26, 2006 (*id.*, ECF No. 31). Christian did not appeal the decision.

In Civil Action Number 05-5277, Christian challenged the revocation of his parole following his arrest on the new charges just referenced. Magistrate Judge Caracappa issued a Report and Recommendation on February 28, 2006, concluding that the petition was unexhausted, but also recommending that the petition was meritless since the state court record indicated that Christian had received an initial parole revocation hearing after his arrest on the new charges for which he was awaiting trial, and a final revocation hearing was properly stayed pending resolution of those new charges (*id.*, ECF No. 9). Christian failed to file any objections to the Report and Recommendation, which was adopted and approved on March 22, 2006 (*id.*, ECF No. 10). Christian sought permission from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition in Civil Action Number 05-5277, but his case was dismissed on December 19, 2017 due to his failure to file the proper paperwork in accordance with the court's order (*id.*, ECF No. 14). Christian later sought permission from the

---

[1] Notwithstanding his lengthy sentence, Christian was granted parole and released on January 11, 2000; he thereafter reoffended. (*See* Civ. A. No. 05-5277 (ECF No. 9).)

United States Court of Appeals for the Third Circuit to file a second or successive habeas petition, and this time his request was denied on the merits (*id.*, ECF No. 15).

In Civil Action Number 07-3715, Magistrate Judge Caracappa issued a Report and Recommendation concluding that the petition, which attacked the 1987 conviction and sentence, was time barred (*id*, ECF No. 30). After Christian filed objections (*id.*, ECF Nos 32-35), the Court dismissed the petition on April 27, 2008 for lack of jurisdiction holding that it was a second or successive petition and Christian had not received prior approval from the United Stated Court of Appeals for the Third Circuit. (*Id.*, ECF No. 37.) Thereafter, Christian sought permission to file a second or successive petition in 07-3715, which was denied by the Third Circuit on March 18, 2019 (*id.*, ECF No. 49.)

In the current Petition, which Christian initially filed in handwritten form in the United States District Court for the Middle District of Pennsylvania on November 19, 2014, and which was transferred to this Court on March 23, 2015, Christian again attacked his 1987 state conviction for multiple drug offenses for which he was given the twelve to forty-six-year term. (ECF No. 1-1 at 5.)[2] While the petition was not entirely clear and coherent, Christian asserted, *inter alia*, that the trial court lacked jurisdiction, the prosecution was malicious, and evidence was obtained through an illegal search and seizure. (*Id.* at 1-2.) Following receipt of the transferred petition, the Court entered an Order on June 16, 2015, directing Christian to file his petition on the Court's preprinted form and pay the $5 filing fee or apply for *in forma pauperis* status. (ECF No. 2.) Christian then filed two Motions to Vacate Judgment (ECF Nos. 3, 5) in which he stated that he wanted to withdraw his habeas petition and proceed under Rule 60(b) to

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

vacate the state court judgment of sentence. He asserted, *inter alia*, that the trial court lacked jurisdiction and the judgment was procured by fraud.

In an Order entered on July 27, 2015, the Court denied the Motions without granting a certificate of appealability. (ECF No. 6.) The Court held that, to the extent the Motion could be treated as relating to the procedures used to dispose of his 2007 habeas petition and, thus could be a "true 60(b) motion rather than an unauthorized second or successive petition for *habeas* relief," (*id.* at 1-2), Christian had not satisfied his burden of demonstrating extraordinary circumstances to grant Rule 60(b) relief. He also provided no reason for the substantial delay in seeking relief from the Order entered in April 2008. (*Id.* at 2.) Additionally, the Court held that to the extent the Motions asserted substantive claims attacking the 1987 conviction, they had to be construed as an unauthorized successive habeas petition and dismissed for lack of jurisdiction. The Court also directed the Clerk of Court to mark the petition filed in Civil Action number 15-1477 as withdrawn and to close the case. (*Id.*)

Christian again sought permission to file a second or successive petition, this time in Civil Action number 15-1477, and his application was denied by the Third Circuit on June 20, 2019 (*id.*, ECF No. 7.) Christian subsequently filed two additional Rule 60(b) Motions on August 8 and August 9, 2019 (ECF Nos. 8, 9.) In an Order entered on August 28, 2019, the Court denied these Motions for the same reasons stated in the July 27, 2015 Order, adding that to the extent Christian raised arguments under Rule 60(b)(4) that the judgment was void, he failed to meet his burden under that section either. (ECF No. 10.) On October 22, 2019, the Court of Appeals again denied Christian permission to file a second or successive habeas petition. In denying relief, the Third Circuit noted "[t]his application is the fourth such application that Petitioner has filed since August 2018 in connection with his 1987 Pennsylvania state court

4

conviction," and denied the application because "there is no reason to reach a different result here" as Christian again failed to make a prima facie showing that his proposed petition relied on a new rule of constitutional law or newly discovered evidence upon which a reasonable factfinder would not have found him guilty. (*Id.* citing 28 U.S.C. §§ 2244(b)(2), 2244(b)(3)(C).)

Without even waiting for the Court of Appeals to act on that most recent request, Christian filed the pending Rule 60(b) Motion on September 13, 2019. The Motion raises the same assertions already adjudicated by the Court in Christian's four prior Rule 60(b) motions.

## II. STANDARDS

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

### B. Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition. That is because the

5

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[3]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."  *Id.*, 545 U.S. at

---

[3] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

6

531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

### III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Christian's Rule 60(b) motion is a true Rule 60(b) motion, or a successive habeas petition. The answer to this question is clear. Although labeled as a Rule 60(b) motion, Christian has again asserted substantive habeas claims attacking his 1987 state court conviction, rather than procedural arguments pertaining to this Court's adjudication of his prior habeas petition. He asserts he was not properly served notice of the criminal charges in 1985, was never formally notified of the charges against him, his sentence

7

was illegal, and the state court lacked subject matter jurisdiction and personal jurisdiction. (ECF No. 11 at 1-3.) Therefore, the Motion must be construed as an unauthorized second or successive habeas petition since he is challenging his judgment of sentence. Because Christian has been denied permission for the fourth time by the Court of Appeals to file another federal habeas petition to attack that judgment of sentence, this Court lacks jurisdiction to consider his claims.[4]

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**

---

[4] Having set forth the full history of Christian's habeas proceedings in this Court, should he file another Rule 60 motion attempting to raise the same issues, the motion will be denied summarily unless he first obtains permission from the Court of Appeals to file a second or successive habeas petition.

8